NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOSELUIS MARQUEZ, *Appellant.*

No. 1 CA-CR 12-0809
FILED 06-03-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2010–164186–001
The Honorable Edward W. Bassett, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

-----------------------------------

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

-----------------------------------

**CATTANI**, Judge:

¶1            Joseluis Marquez appeals his convictions and sentences for first-degree felony murder and robbery.  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            On May 26, 2010, Marquez and four other people drove from Phoenix to Tempe in Marquez's rented car "trying to find a way to make some money."  At about 2:00 a.m., Marquez pulled up in front of a restaurant on Apache Boulevard in Tempe, across from Arizona State University.  Marquez and the passengers in his car noticed a woman and called out to her.  When the woman approached the driver's side door of the car and began speaking to Marquez, he grabbed her shoulder bag through the car window and sped away while she was still entangled in the strap, causing her fall to the pavement.  The woman died from the blunt force trauma to her head.  She had multiple facial and skull fractures, consistent with being dragged by a car and striking her head on the roadway.  At trial, all four of the passengers in the vehicle testified that they either saw Marquez snatch the purse, or saw him with the purse shortly after he sped away from the scene.

¶3            The State also presented evidence regarding a similar purse-snatching incident the previous day in which one of the same passengers in the car grabbed a different victim's purse while Marquez drove away. The victim in that incident testified that someone riding in the car grabbed her purse as the driver sped away, which forced her to let go of her purse or be dragged down the street.  Another witness identified Marquez and the passenger as the persons who had sold him a cell phone that belonged to the victim.

¶4            Marquez did not testify at trial, but he presented testimony from someone who claimed to have been in jail with an inmate who admitted committing the crime.  Police officers had identified the inmate

early on in their investigation as a suspect because he had been in Tempe around the time of the incident driving a car that matched the general description given by eyewitnesses. But there was no other evidence linking that car to this incident.

**¶5** The jury convicted Marquez of the charged offenses, and the superior court sentenced him to two and one-half years in prison for the robbery conviction, to be served concurrently with a life term with eligibility for parole for the first-degree murder conviction. Marquez timely appealed, and this court has jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶6** Marquez argues that the superior court abused its discretion by admitting evidence that he had participated in the earlier purse-snatching incident, urging that the evidence failed to show that he was an accomplice and that the evidence was not offered for a proper purpose. He also argues that the court abused its discretion by instructing the jury regarding "flight or concealment."

## I. Other Act Evidence.

**¶7** Before admitting evidence of an act under Rule 404(b) of the Arizona Rules of Criminal Procedure, the superior court "must conclude that (1) the state has proved by clear and convincing evidence that the defendant committed the alleged [] act; (2) the state is offering the evidence for a proper purpose; and (3) its probative value is not outweighed by the potential for unfair prejudice." *State v. Vigil*, 195 Ariz. 189, 191, ¶ 14, 986 P.2d 222, 224 (App. 1999). Here, the superior court found that the State proved by clear and convincing evidence that the other act had occurred; that the other act was admissible to establish Marquez's culpable mental state at the time of the charged incident and, in the event it became an issue at trial, to prove Marquez's identity; and that the evidence was not unfairly prejudicial. The court ultimately instructed the jury that it could only use this evidence to establish intent and/or identity, and that it could not use this evidence to show Marquez's propensity to commit the charged offense. We review the superior court's ruling on the admission of evidence for abuse of discretion. *State v. Garcia*, 200 Ariz. 471, 475, ¶ 25, 28 P.3d 327, 331 (App. 2001).

**¶8** We find no abuse of discretion here. First, the evidence at the Rule 404(b) hearing demonstrated that Marquez participated in the other purse snatching as an accomplice, by pulling his car alongside the

victim and then accelerating as the passenger in the car grabbed the victim's purse, forcing her to let go or be dragged alongside the car. A police detective testified that Marquez and his passenger approached the female victim at about 4 a.m. the day before the charged incident and offered her a ride, and that Marquez "accelerated" as his passenger grabbed the victim's purse, causing her to be dragged alongside the car until she let go. Marquez accompanied the passenger afterwards when he sold the victim's cell phone for $60. The detective further testified that the passenger clearly identified Marquez as being involved in the purse snatching. Thus, the court did not err by concluding that the State had offered clear and convincing evidence that Marquez committed the other act.

¶9        Marquez's argument that the other act was not offered for a proper purpose also fails. Evidence of other acts is not admissible to prove character "to show action in conformity therewith," but it may be admissible for other purposes, such as proof of intent or identity. Ariz. R. Evid. 404(b). "Evidence relevant for any purpose other than showing propensities to act in a certain way remains admissible." *State v. Connor*, 215 Ariz. 553, 563, ¶ 32, 161 P.3d 596, 606 (App. 2007). Prior to the court's decision to admit evidence of the other purse snatching, Marquez listed among his defenses mere presence, accident, no criminal intent, mistaken identification, and insufficiency of evidence. Marquez never withdrew these defenses, and reiterated them in a supplemental disclosure one month before trial, when he added a third-party culpability defense. Evidence that Marquez had participated in a similar purse snatching one day earlier was thus relevant to rebut the anticipated defenses, as well as the actual defenses, specifically to demonstrate Marquez's intent to rob the victim of her purse, *see* A.R.S. § 13-1902(A), and to show his identity as the perpetrator.

¶10       Evidence is admissible to prove identity under Rule 404(b) if the behavior of the accused on different occasions is "so unusual and distinctive as to be like a signature." *State v. Stuard*, 176 Ariz. 589, 597, 863 P.2d 891, 889 (1993) (citation omitted). In this case, as the court found, there were striking similarities between the purse snatching the previous day and the charged offense: both occurred in the early morning hours, both involved luring a female victim to the same car, both involved grabbing the female's purse through a car window and speeding off, forcing the victim to surrender her purse or be dragged alongside the vehicle, and both involved Marquez and a friend. Accordingly, the court did not abuse its discretion by finding the other act admissible to show Marquez's identity and intent.

## II.  Flight Instruction.

**¶11**　　　　Marquez argues that the superior court abused its discretion by giving the following flight/concealment instruction over his objection:

> In determining whether the State has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's running away, hiding or concealing evidence, together with all the other evidence in the case.  You may also consider the defendant's reasons for running away, hiding or concealing evidence.  Running away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt.

We review the decision to give this type of instruction for abuse of discretion.  *State v. Johnson*, 205 Ariz. 413, 417, ¶ 10, 72 P.3d 343, 347 (App. 2003).

**¶12**　　　　We find no such abuse of discretion in this case.  A flight or concealment instruction is proper when "the defendant's conduct manifests a consciousness of guilt."  *State v. Speers*, 209 Ariz. 125, 132, ¶ 27, 98 P.3d 560, 567 (App. 2004) (holding that flight instruction not warranted based only on presence of a passport and a flight itinerary printout in the defendant's backpack).  "The decision whether such an instruction should be given 'is determined by the facts in a particular case.'"  *Id.* (citation omitted).  Here, the State presented evidence that after the purse snatching, Marquez hurriedly left the parking lot, disposed of the victim's purse, and gave the car to his cousin.  Thus, the superior court reasonably determined that Marquez's conduct after the crime supported an inference of consciousness of guilt, and the court did not abuse its discretion by giving the instruction.

## CONCLUSION

**¶13**　　　　For the foregoing reasons, we affirm Marquez's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh